REGAN, Judge.
Plaintiff, Lucas M. Marcello, instituted this action in boundary against defendant, Henry Feicht, who died pending the rendition of judgment and his heirs were made parties to this suit.
Plaintiff is the owner of lots 1 through 14 in Square 7, Stafford Subdivision, City of Gretna, Parish of Jefferson, State of Louisiana. Defendant is the owner- of the adjoining property, lots 15 through 20 in the same square. In conformity with a survey made by Hotard & Webb on May 29, 1947, plaintiff insists that a fence, erected over twenty years ago by the defendant, encroached on his property from 2' 3" to 2' 5" on the rear of lots 1 through 6 and 2! 4" to 3' 5" on the dividing line of lots 14 and 15.
On the same date that this suit was instituted, April 28, 1949, the court, a qua, appointed F. G. Stewart to survey the property in question and report to the Court in writing thereon.
On March 8, 1950, defendant answered denying that his fence encroached upon plaintiff’s property and averred that it was initially erected in conformity with the original plan of Henry L. Zander of October 7, 1912; that under date of February 18, 1923, the tract of land was again subdivided by W. R. Nourse, Civil Engineer and Surveyor, and the fence separating lot 14 from lot 15 was removed and relocated under Nourse’s supervision, in compliance with this survey. On October 3, 1939, the Mayor and Board of Aldermen of the City of Gretna, by virtue of Ordinance No. 718, adopted the Nourse survey as the “official map evidencing the proper and only location of the streets in the Stafford Subdivision”; that another survey was made of the subdivision by F. C. Gandolfo, Jr., dated September 13, 1941, at the request of the Whitney National Bank of New Orleans, which is in substantial accord with the survey made by Nourse. On February 10, 1950, H. L. Landry, Civil Engineer and Surveyor, was employed by defendant to make a survey of the property, which also revealed that the fence in dispute did not encroach upon plaintiff’s property. Defendant, in the .final analysis, insists that the surveys of Hotard and Stewart are incorrect. On the other hand, he points out that the initial Zander survey, as modified by Nourse and subsequently confirmed by Gan-dolfo and Landry are correct and he requests that the survey and procés verbal of Stewart be rejected as erroneous and that the plaintiff’s suit be dismissed. He then reconvened for the sum of $600 representing the incurrence of anticipated attorneys’ fees and expenses. During the course of the trial counsel for plaintiff objected to the elicitation of any testimony tending to prove payment of attorneys’ fees, which was properly sustained by the trial judge.
From a judgment in favor of Mrs. Camille Feicht, widow of Henry Feicht and Edmond Henry Feicht, son of Henry Feicht, dismissing the suit of plaintiff and rejecting the survey and procés verbal of F. C. Stewart, Civil Engineer and Survey- or, dated August 18, 1949, as being incorrect, plaintiff has prosecuted this appeal. Defendant has not answered the appeal hence the suit in reconvention is not a subject for our consideration.
The only question posed for our consideration is, we believe, one of fact and that is which of the six surveys made of this subdivision is correct.
The trial court placed much consideration and emphasis upon the surveys of Zan- *604 der and Nourse and in consequence thereof, concluded that “all other surveys of that subdivision must be an outgrowth of or in accordance with the lines and stakes as originated by the original surveyor, and all other surveys with the exception of Nourse having failed to agree with this original plan of Henry L. Zander the court must determine that they are erroneous, more particularly that of F. G. Stewart.”
We have carefully examined and considered all of the surveys appearing in the record and are of the opinion, as was the court, a qua, that the Zander and Nourse surveys are in accord with each other, however, we also believe that the Gandolfo and Landry surveys substantially agree with those of Zander and Nourse. Additionally, on October 3, 1939, the Mayor and Board of Aldermen of the City of Gretna, by virtue of Ordinance 718, adopted the Nourse survey as the official map evidencing the proper location of the streets in the Stafford Subdivision. On the other hand, the surveys made by Hotard & Webb and Stewart are not only in discord with the aforementioned surveys, but do not agree with each other. Therefore, we conclude that the Zander, Nourse, Gandolfo and Landry surveys are correct and evidence the fact that defendant’s fence does not encroach upon the property of plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.